**EXHIBIT A TO SC LBR 3015-2**

**UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: <br><br> **Terry Junior Jackson** <br> **Francine Jackson** <br><br> Last four digits of Soc. Sec **6240** <br> Last four digits of Soc. Sec **4212** <br><br> **DEBTORS.** | **CASE NO: 10-06342-dd** <br> CHAPTER: 13 <br><br> NOTICE OF PLAN MODIFICATION BEFORE CONFIRMATION, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |

I. NOTICE TO AFFECTED CREDITORS AND PARTIES IN INTEREST: The above-captioned debtor[1] previously proposed a chapter 13 plan and motions; debtor now moves, pursuant to 11 U.S.C. § 1323 and Fed. R. Bankr. P. 2002(a)(5), to modify the proposed plan and motions as detailed below:

1. Increased Plan payment to $669.00 per month beginning fifth month of plan
2. Surrendered interest in 4-Wheeler ATV to HSBC

Any creditor wishing to object to the proposed modification of the plan must file an objection with the Court, United States Bankruptcy Court, 1100 Laurel Street, Columbia, South Carolina 29201, within twenty-eight (28) days from the date of filing.

**Pursuant to SC LBR 9014-4, any objection must be written and properly captioned in accordance with Fed. R. Bankr. P. 9004, set forth with particularity the reasons for the objection and be served on the attorney below, the chapter 13 trustee, and other parties in interest and filed with the Court not later than the deadline given above. Any objecting party failing to comply with this procedure may be denied the opportunity to appear and be heard by the Court and the modified plan may be confirmed.**

If the modified plan adversely affects any party and the adversely affected party files an objection within twenty-eight (28) days after the date of filing, the objection will be heard at the confirmation hearing, notice of which is given in the Notice of Meeting of Creditors. If the modified plan adversely affects any party and the adversely affected party files an objection within twenty-eight (28) days after the date of filing and such timely objection is filed after the confirmation hearing, a hearing on the objection will be scheduled and notice of such hearing will be given.

The undersigned hereby certifies that he/she properly served this notice and accompanying plan and related motions on the parties listed above.

January 6, 2010

                                               /s/ Eddye L. Lane
                                               Eddye L. Lane, P.A.
                                               Post Office Box 294
                                               Columbia, SC  29202
                                               (803) 400-1181
                                               Court ID#4967

---

[1] When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

EXHIBIT A TO SC LBR 3015-1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| IN RE:<br><br>Terry Junior Jackson<br>Francine Jackson<br><br>Last four digits of Soc. Sec **6240**<br>Last four digits of Soc. Sec **4212**<br><br>Debtors. | CASE NO:    13<br>CHAPTER:  **10-06342**<br><br>**AMENDED** NOTICE, CHAPTER 13 PLAN, MOTIONS TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASE-MONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE |
|---|---|

**I. NOTICE TO CREDITORS AND PARTIES IN INTEREST:** The debtor[2] has filed a chapter 13 bankruptcy case and listed you as a creditor or interested party. The debtor has filed the following chapter 13 plan and motions which may affect your rights. **Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.**

    A.    ADDITIONS, MODIFICATIONS, OR DELETIONS: All additions or modifications to the Court's form plan (See exhibits to SC LBR 3015-1 and 3015-2, "SC LBR" refers to the SC Local Bankruptcy Rules, available at www.scb.uscourts.gov) are highlighted by italics. Deletions are noted as "Not Applicable" or by striking through the deleted provisions. If changes are substantial or if an alternative plan is proposed, a cover sheet that summarizes and identifies the changes shall be filed and served herewith.

    B.    DEADLINE FOR FILING OBJECTIONS, NOTICE OF HEARING ON CONFIRMATION OF CHAPTER 13 PLAN AND MOTIONS: Objections to the motions and any provision of the plan must be made in accordance with SC LBR 9014-1, properly served, and filed with the United States Bankruptcy Court, 1100 Laurel Street, Columbia, SC 29201, within twenty-five (25) days from the date this document is filed. Timely objections will be heard at the confirmation hearing, notice of which is given separately in the Notice of Meeting of Creditors. If a timely objection is filed after the confirmation hearing, a separate hearing on the objection will be scheduled and notice of such a hearing will be given. If no timely objection is filed, the Court, upon recommendation of the chapter 13 trustee and without further hearing or notice, may enter an order confirming the plan and granting the motions.

**II. MOTION TO VALUE SECURITY, AVOID JUDICIAL LIEN, AVOID A NONPURCHASEMONEY, NONPOSSESSORY SECURITY INTEREST AND LIEN, AND/OR TO ASSUME OR REJECT AN EXECUTORY CONTRACT/UNEXPIRED LEASE.** The debtor requests that confirmation of this plan alter the rights of the following creditor:

---

[2]     When used herein, the term "debtor" shall apply as applicable either in the singular or in the plural, if there are joint debtors in the case.

A. <u>Nonpossessory, Nonpurchase-Money Lien:</u>   The debtor moves, pursuant to 11 U.S.C § 522(f), to avoid the following nonpossessory, nonpurchase-money security interest and lien in household goods:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption Claimed | Estimated security interest/debt | Security interest <u>Not</u> avoided (see IV(B)(4) below) | Security interest to be avoided (see IV(E) below |
|---|---|---|---|---|---|---|
| **Security Finance** | **$800.00** | **-0-** | **$800.00** | **$800.00** | **-0-** | **$ 800.00 or balance** |

B. <u>Judicial Lien:</u> The debtor moves, pursuant to 11 U.S.C. § 522(f), to avoid the following judicial lien:[3]

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Total of all other liens | Exemption claimed | Estimated judicial lien | Judicial lien <u>Not</u> avoided (see IV(B)(4) below) | Judicial lien avoided (see (IV(E) below) |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |

C. <u>Valuation of Security</u>: The debtor moves, in accordance with 11 U.S.C. § 506, to establish the value of a lien as follows:

| Name of creditor and description of property securing lien | Value of Debtor's interest in property | Holder and amount of superior liens | Estimate of creditor's claim | Value of lien (see IV(B)(4) below) | Unsecured claim after valuation (see IV(E) below) |
|---|---|---|---|---|---|
| **Asset Acceptance/Mohawk** | **$500.00** | **N/A** | **$5051.00** | **$500.00** | **$4,551.00** |
| **Value City Rooms Today/WFNNB** | **$275.00** | **N/A** | **$1,497.00** | **$275.00** | **$1,222.00** |

D. <u>Assumption or Rejection of Executory Contract/Unexpired Lease</u>: The debtor moves for the assumption of the following executory contract and/or unexpired lease. The debtor agrees to abide by all terms of the agreement and to cure any pre-petition arrearage or default in the manner below.  Any executory contract or unexpired lease not specifically mentioned is rejected.

| Name of Creditor and lease or contract to be assumed | Amount of regular payment | Estimated amount of Default (state if none) | Cure Provisions for any default paid by (Debtor or trustee) | Regular payments to be paid by Debtor directly to creditor beginning (month/year) |
|---|---|---|---|---|
|  |  |  |  |  |

---

[3]     For co-owned property, see <u>In re Ware</u>, 274 B.R. 206 (Bankr. D.S.C. 2001) and Exhibit C to SC LBR 4003-2.

**III. THE CHAPTER 13 PLAN: PAYMENT OBLIGATIONS OF THE DEBTOR.**

A. <u>Payments from the debtor to the chapter 13 trustee (the "trustee")</u>: The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan. In addition, the debtor will pay to the trustee any portion of a recovery under a pre-petition claim or cause of action that constitutes disposable income or is not exempt.

The debtor shall pay to the trustee the sum of **$300.00 for a period of four (4) months and then a payment of $669.00 per month for fifty-six (56) months**, unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan.

B. <u>Payments from the debtor directly to creditors</u>: The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. The debtor may be required to pay some or a portion of pre-petition debts directly to a creditor in addition to required payments to the trustee, as indicated in paragraph II(D) above and/or in the paragraphs that follow.

**IV. PLAN DISTRIBUTIONS TO CREDITORS.** To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation, must be filed with the Court. If a claim designated in this plan as secured is filed as an unsecured claim and the plan is confirmed, the claim may be treated as unsecured for purposes of plan distributions by the trustee. If a creditor files a proof of claim alleging that the claim is secured, but does not timely object to the confirmation of the plan and the claim is treated as unsecured in a confirmed plan, the claim may be treated as unsecured for purposes of plan distributions by the trustee. Confirmation of this plan does not bar a party in interest from objecting to a claim. The trustee, after the deduction of the trustee's commission and expenses, or the debtor, as indicated, shall make payments as follows:

A. <u>Attorney for the debtor</u>:

1. The debtor and the debtor's attorney have agreed to an attorney's fee in the amount of **$2,500.00** for the services identified in the Rule 2016(b) disclosure statement filed in this case. The amount of **$500.00** was paid prior to the filing of the case. The remaining fee shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse **$500.00** to the attorney from the initial disbursement.[4] Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending *pro se* case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

---

[4] The chapter 13 trustee shall not at any time disburse to the debtor's attorney more than: (a) the unpaid balance of (1) the fee to be paid under the plan pursuant to paragraph 1 herein, or (2) the fee previously applied for and authorized pursuant to paragraph 2 herein, plus (b) any supplemental fee then applied for and authorized under the terms of the applicable Procedures for Approval of Attorney's Fees in Chapter 13 Cases.

33

  2. If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held in trust until fees and expense reimbursements are approved by the Court.  Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

  B. <u>Secured Creditor Claims</u>: The plan treats secured claims as follows:

  1.  <u>General Provisions</u>: The terms of the debtor's pre-petition agreement with a secured creditor shall continue to apply except as modified by this plan, the order confirming the plan, or other order of the Court.  Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i).  Secured creditors paid the full secured claim provided for by this plan shall timely satisfy any liens in the manner required by applicable law or order of this Court.  Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim.  This also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise.  Any funds that would have been paid to any such creditor will be distributed according to the remaining terms of the plan.  (The preceding language does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4)).  Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay.  Secured creditors that will be paid directly by the debtor may send standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

  2. <u>Long-term or mortgage debt. No default</u>: The debtor is current on obligations to Chase and will continue regular payments directly to that creditor.  Description of collateral:  **Residence at 101 Whitby Court, Irmo, SC 29063.**

  3. <u>Long term or mortgage debt. Curing default: 11 U.S.C. 1322(b)(3) and/or (5)</u>:

  a. Arrearage payments. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court to _____ at the rate of _____ or more per month, for real property at _____ along with **0%** interest.  The creditor shall apply trustee payments solely to those designated arrearages, i.e., those arrearages accruing before the month specified in (b) below. For so long as the debtor complies with this plan, a creditor may not declare a default based on any payment delinquency to be cured by this paragraph and the creditor shall not impose any post-petition fee on account of any arrearage paid by the trustee.

  b. Maintenance of regular non-arrearage payments. Beginning _____ _____, the Debtor shall pay directly to the creditor _____ non-arrearage payments arising under the agreement with the secured creditor. The creditor shall apply each payment under this paragraph solely to post-petition obligations that accrue during or after the month specified herein.

34

4. <u>Secured portion of claims altered by valuation and lien avoidance:</u>

The trustee shall pay **Mohawk** the sum of $**15.00** or more per month, along with **5.25%** interest until the secured claim of $ **500.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

The trustee shall pay **Value City/Rooms to Go** the sum of $**10.00** or more per month, along with **5.25%** interest until the secured claim of $**275.00** established above is paid in full. The remaining portion of the allowed claim will be treated as a general unsecured claim.

5. <u>Other secured debts (allowed claim to be paid in full without valuation or avoidance of lien)</u>: The trustee shall pay **Ford Motor Credit** the sum of **$ 0.00** or more per month, along with **0.00 %** interest until the allowed secured *claim* is paid in full. **The debt will be paid outside of the plan by debtors' daughter.**

The trustee shall pay **Title Max** the sum of $ **20.00** or more per month, along with **5.25** % interest until the allowed secured claim is paid in full.

6. <u>Surrender of property</u>: The debtor will surrender the following property upon confirmation of the plan. The order confirming plan shall terminate the automatic stay as to that property: **ATV to HSBC/Suzuki**

Any creditor affected by this provision may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the surrender of the property.

7. <u>Secured tax debt:</u> The trustee shall pay _____ the sum of $_____.00 or more per month until the net balance of creditor's secured claim plus _____% interest has been paid. If the lien is to be valued, the debtor shall file a separate motion to value the claim and establish priority of any remaining tax obligations. If a tax priority creditor files a claim designated as secured, is not treated as secured in this paragraph, and does not timely object to confirmation of this plan, then the claim may be paid as a priority claim for purposes of distributions from the trustee.

C. <u>Priority Creditors:</u> Priority claims shall be paid as follows:

1. <u>Domestic Support Claims</u>. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO creditor), at the rate of $ (amount) or more per month until the balance, without interest, is paid in full.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations coming due after this case was filed from the income or assets of the debtor-parent/spouse without further order or relief from the automatic stay. (Any claim for child support or alimony due before this case was filed must be collected in accordance with 11 U.S.C. § 507(a)(1) and 11 U.S.C. § 1322(a)(2).)

35

      2. <u>Other Priority debt.</u> The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a *pro rata* basis.

    D. <u>Executory Contracts and Unexpired Leases</u>: Regular payments that arise post-petition under an executory contract or lease that is being assumed shall be paid directly by the debtor according to the terms of the contract or lease. Pre-petition defaults will be cured by payments of the sum of $ (payment amount) or more per month by the trustee or the debtor according to paragraph II(D). Claims arising from the rejection of executory contracts or leases shall be general unsecured claims unless otherwise ordered by the Court.

    E. <u>General Unsecured Creditors:</u> General unsecured creditors shall be paid allowed claims *pro rata* by the trustee to the extent that funds are available after payment of all other allowed claims. The debtor **does not** propose to pay 100% of general unsecured claims.

**V. PROPERTY OF THE ESTATE, STATUS AND OBLIGATIONS OF THE DEBTOR AFTER CONFIRMATION:** Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the non-exempt value of all property of the estate and for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing herein is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

Date: January 6, 2011                            BY:<u>/s/Eddye L. Lane</u>
                                                                         Attorney for the Debtor
                                                                         District Court I.D.#4967

<u>/s/                        </u>                    <u>/s/                  </u>
 Debtor                                              Debtor

**CERTIFICATE OF SERVICE**

    The above signing parties certify that the foregoing Notice of Plan Modification Before Confirmation, Amended Notice, Plan and Motions was served on all creditors and parties in interest entitled to such notice on the above stated date. The parties served are individually listed below and on the accompanying list or mailing matrix.

Joy S. Goodwin
Chapter 13 Trustee
(CM/ECF Filing)

United States Trustee
(CM/ECF filing)

Shell/Citibank
Attn: Bankruptcy Dept.
Post Office Box 6497
Sioux Falls SD 57117-6497


AllSouth Federal Credit Union
Attn: Bankruptcy Department
6923 North Trenholm Road
Columbia, SC 29206


CACH/Collect America
Attn: Bankruptcy Department
Suite 5000
370 17th Street
Denver, Colorado 80202


Capital Management Services, LP
Attn: Bankruptcy Department
726 Exchange Street, Suite 700
Buffalo, NY 14210


Chase BP Private Label
Attn: Bankruptcy Department
Post Office Box 15298
Wilmington, DE 19850


Chase Home Finance
Attn: Bankruptcy Department
Post Office Box 24696
Columbus, Ohio 43224


Chase/Circuit City
Attn: Bankruptcy Department
Post Office Box 15298
Wilmington, DE  19850


CitiBank/Radio Shack
Attn: Bankruptcy Department
Post Office Box 689183
Des Moines, IA 50368


Citifinancial
Attn: Bankruptcy Department
300 Saint Paul Pl
Baltimore, MD 21202

```
Elan Financial Services
Attn: Bankruptcy Department
Post Office Box 108
Saint louis, MO 63166



Ford Motor Credit
Attn: Bankruptcy Department
Post Office Box 542000
Omaha, Nebraska 68154



GE Capital/ HH Gregg
Attn: Bankruptcy Department
Post Office Box 981439
El Paso, Texas 79998



GE Money Bank/Lowes
Attn: Bankruptcy Department
Post Office box 981064
El Paso, Texas 79998



GE/JC Penney
Attn: Bankruptcy Department
Post Office Box 981131
El Paso, Texas 79998



GEMB/Mohawk Floorscape
Attn: Bankruptcy Department
Post Office Box 981439
El Paso, Texas 79998



HSBC/SUZUKI
Attn: Bankruptcy Department
Post Office Box 15524
Wilmington, DE 19850



Integrity Financial Partners, Inc.
Attn: Bankruptcy Department
4370 W. 109th Street, Suite 100
Overland Park, Kansas 66211



Internal Revenue Service
Centralized Insolvency Operations
Post Office Box 21126
Philadelphia PA   19114 0326
```

Lexington County Tax Collector
212 S Lake Drive
Lexington SC   29072


Palmetto Citizens Federal Credit Un
Attn: Bankruptcy Department
1320 Washington Street
Columbia, South Carolina 29201


Retail Services
Dept 7680
Carol Stream, IL   60116-7680


S. Nelson Weston, Jr.
Richardson Plowden & Robinson, PA
Post Office Box Drawer 7788
Columbia SC   29202


Sams Club/ GE Money Bank
Attn: Bankruptcy Department
Post Office Box 981064
El Paso, Texas 79998


Sams Club/GE Money Bank
Attn: Bankruptcy Department
Post Office Box 981064
El Paso, Texas 79998


SC Department of Revenue
Post Office Box  12265
Columbia SC   29211


SC Employment Security Commission
Post Office Box 995
Columbia SC    29202


Security Finance Corp.
Attn: Bankruptcy Department
P.O. Box  3146
Spartanburg, SC 29304

Smith Dearborn, LLP
Attn: Richard Steele
Post Office Box 26268
Raleigh NC  27611 6268


State Farm Financial Services
Attn: Bankruptcy Department
3 State Farm Plaza N-4
Bloomington, IL 61791


Title Max

6157 St. Andrews Road
Columbia SC  29212


Value City Rooms Today/WFNNB
Attn: Bankruptcy Department
Post Office Box 182789
Columbus, OH 43218


WFNNB/Lane Bryant
Attn: Bankruptcy Department
Post Office Box 182789
Columbus, OH 43218


WFNNB/Brylane Home
Attn: Bankruptcy Department
Post Office Box 182789
Columbus, OH 43218


Asset Acceptance
Attn: Bankruptcy Department
Post Office Box 1630
Warren, MI 48090